**Ruth SUNDAY (Widow of Russell Sunday), Petitioner,**

v.

**MARTIKI COAL COMPANY; Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

**No. 01–3804.**

United States Court of Appeals, Sixth Circuit.

Feb. 4, 2002.

Before RYAN and GILMAN, Circuit Judges; POLSTER, District Judge.*

### ORDER

Ruth Sunday (Claimant), widow of Russell Sunday (Miner), petitions pro se for review of the Benefits Review Board's (Board's) decision and order denying her claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1984, the Miner filed a claim for black lung benefits, which was denied by an administrative law judge (ALJ) in a decision and order issued on March 25, 1989. The Board affirmed the denial in all re-

spects and no further action was taken on this claim. The Miner died on October 11, 1994, and the Claimant filed an application for survivor's benefits on February 6, 1995. The district director denied the initial claim and also Claimant's request for modification. The claim was then forwarded to the Office of Administrative Law Judges for a formal hearing. In a decision and order issued on June 30, 1998, ALJ O'Neill awarded benefits after finding that the Claimant had established pneumoconiosis through autopsy evidence, that the pneumoconiosis arose from the Miner's 9 ¼ years of coal mine employment, and that the pneumoconiosis hastened his death from pneumonia. Martiki Coal Company (Employer) appealed this decision and the Board remanded the case on September 30, 1999, for reconsideration of the medical evidence.

On remand, the case was assigned to ALJ Kichuk, who found the existence of pneumoconiosis caused by exposure to coal mine dust, but denied benefits on May 30, 2000, on the ground that the evidence did not establish that the Miner's death was due at least in part to pneumoconiosis. The Board affirmed the ALJ's decision and order on appeal.

In her petition for review, the Claimant argues that the ALJ erred in finding that pneumoconiosis did not contribute to the Miner's death and in applying a different standard for evaluating the reports of the treating versus the non-treating physicians.

This court must affirm the Board's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. *See Glen Coal Co. v. Seals,* 147 F.3d

---

* The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

502, 510 (6th Cir.1998); *Director, OWCP v. Quarto Mining Co.*, 901 F.2d 532, 536 (6th Cir.1990). The court reviews the ALJ's decision only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. *See Seals*, 147 F.3d at 510; *Peabody Coal Co. v. Greer*, 62 F.3d 801, 804 (6th Cir.1995). Thus, as long as the ALJ's conclusions are supported by the evidence, they will not be reversed, "even if the facts permit an alternative conclusion." *Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir.1995).

The criteria for determining whether a miner's death occurred as a result of pneumoconiosis are: (1) whether competent medical evidence establishes that the miner's death was due to pneumoconiosis; (2) whether pneumoconiosis was a substantially contributing cause or factor leading to the miner's death, or death was caused by complications of pneumoconiosis; or (3) whether the presumption set forth in 20 C.F.R. § 718.304 is applicable to the survivor's claim. *See* 20 C.F.R. § 718.205(c)(1)-(3). The presumption found in § 718.304 does not apply to this claim because there is no evidence of complicated pneumoconiosis. Survivors are not eligible for benefits where the principal cause of death is a medical condition not related to pneumoconiosis, unless pneumoconiosis was a "substantially contributing cause" of the death. *See* 20 C.F.R. § 718.205(c)(4). This court has interpreted this regulatory language to encompass situations where pneumoconiosis, even if not a proximate cause of death, actually hastened a miner's death. *See Brown v. Rock Creek Mining Co.*, 996 F.2d 812, 816 (6th Cir.1993).

The Miner's death certificate states that the cause of death was "severe pneumonitis" and lists as a significant condition contributing to death "bullous emphyse-ma." The autopsy report was prepared by Dr. Kovacs, who is board certified in clinical and anatomic pathology as well as cytopathology. This report includes in its diagnoses: "Right and left lungs, severe bullous emphysema, severe anthracosis." Anthracosis is a lung condition which, when arising out of coal mine employment, is included in the statutory and regulatory definitions of pneumoconiosis. *See* 30 U.S.C. § 902(b); 20 C.F.R. § 718.201. This circuit has held that a diagnosis of anthracosis is sufficient to establish pneumoconiosis. *See Youghiogheny & Ohio Coal Co. v. Milliken*, 200 F.3d 942, 946 (6th Cir. 1999), *cert. denied*, 531 U.S. 818, 121 S.Ct. 58, 148 L.Ed.2d 25 (2000). Because the autopsy prosecutor is a board certified cytopathologist who examined the entire lungs, the ALJ permissibly credited her diagnosis over that of several physicians who only reviewed the report and autopsy slides. Furthermore, because the ALJ noted that none of the Employer's experts adequately explained how coal dust got into the Miner's lungs other than through his coal mine employment, the ALJ properly found that the element of causation had been established. These findings are supported by substantial evidence and are in accordance with the applicable law.

However, despite the fact that the ALJ found that the Miner suffered from pneumoconiosis arising from his coal mine employment, he denied benefits on the ground that the Claimant failed to establish that the Miner's pneumoconiosis contributed to his death.

Several of the medical reports were prepared in connection with the Miner's original claim and do not speak to the issue of whether pneumoconiosis contributed to his death. These include the reports of Drs. O'Neill, Fritzhand, Anderson, Bansal, Lane, Powell, and Broudy. The remaining reports may be divided into those in which

the physician found that the Miner's pneumoconiosis hastened his death (Drs. Hieronymus, Bangudi, Kumar, and Stark), and those who did not so find (Drs. Naeye, Fino, Chandler, and Hutchins).

ALJ Kichuk considered the evidence and accorded controlling weight to the opinions of Drs. Anderson and Fino, who are both pulmonary specialists and who gave "the most well-reasoned and fully documented positions in the record on the issue of cause of death, despite the fact that it is within my discretion to discredit them based on their finding of no pneumoconiosis."

Upon careful consideration, we conclude that the ALJ's determination is supported by substantial evidence in the record and is in accordance with the law. In so doing, we note that Dr. Anderson's examination report and deposition date from 1984 and 1985, long before the Miner died, and thus contain no opinion as to the cause of his death. Nonetheless, the ALJ permissibly credited Dr. Fino's well-reasoned report over the conclusory opinions of the less-qualified physicians in determining that the Claimant had not met her burden of proof to show that pneumoconiosis hastened the Miner's death. The ALJ's detailed analysis of the conflicting medical reports and his articulated reasons for differentiating between them meet the substantial evidence test and refute the Claimant's argument that the ALJ applied a different standard for evaluating the reports of the treating versus the non-treating physicians.

Accordingly, the petition for review is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.